UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
BRENT E. PODMOSTKA,　　　　　　　　　　　　　Chapter 7
　　　　　　DEBTOR.　　　　　　　　　　　　　　　Case No. 14-15750-WCH

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the "Motion of the Creditor, Jonathan Suarez, for Relief from Stay" (the "Motion for Relief") filed by Jonathan Suarez ("Suarez") and the response thereto (the "Response") filed by Brent E. Podmostka (the "Debtor").  Suarez seeks relief from the automatic stay to continue a civil matter now pending in the state court in order to obtain a judgment against the Debtor and seek recovery solely against his insurance carrier and employer. For the reasons set forth below, I will grant the Motion for Relief.

**II. BACKGROUND**

The Debtor filed a voluntary Chapter 7 petition on December 15, 2014.  On "Schedule F – Creditors Holding Unsecured Nonpriority Claims" ("Schedule F"), the Debtor listed a debt to "Louis Haskell, Esq." which he described as "Suarez v. Podmastka [sic]" in the amount of $588,544.23.[1]  On his Statement of Financial Affairs ("SOFA"), the Debtor listed a pending Middlesex Superior Court action captioned as *Jonathan Suarez v. Brent Podmastka* [sic] *and Publishers Circulation Fulfillment, Inc.* (the "State Court Action").[2]

---

[1] Schedule F, Docket No. 1 at 15.

[2] SOFA, Docket No. 1 at 26.

1

On December 16, 2014, John Aquino was appointed Chapter 7 trustee (the "Trustee"). The Debtor appeared at the meeting of creditors held pursuant to 11 U.S.C. § 341 (the "Meeting of Creditors") on January 22, 2015. On the same day, immediately following the Meeting of Creditors, the Trustee filed the Chapter 7 Trustee's Report of No Distribution, indicating that there were no nonexempt assets available for distribution to unsecured creditors. At present, a discharge has not yet entered as the deadline to object to the Debtor's discharge or the dischargeability of certain debts is March 23, 2015.

On January 6, 2015, Suarez, through Attorney Louis Haskell, filed the Motion for Relief seeking relief from the automatic stay to continue the State Court Action. In the Motion for Relief, Suarez explains that the State Court Action arises from a motor vehicle accident and names Publishers Circulation Fulfillment, Inc. ("Publishers") as "Co-Defendant and employer at the time of the collision," asserting that if the Debtor were found liable for Suarez's damages, Publishers would be vicariously liable to the same extent.[3] He further states that the Debtor has automobile insurance with a policy limit of $20,000.00 and that insurance company has provided the Debtor counsel in the State Court Action at no cost.[4] Expressly recognizing that a judgment obtained in excess of the policy limits would be a dischargeable unsecured debt, Suarez appears to request the stay be lifted so that he may pursue a recovery against the Debtor's insurance policy and Publishers.[5]

On January 7, 2015, the Debtor filed the Response, objecting to the scope of the relief sought by Suarez. While the Debtor has no quarrel with Suarez seeking a recovery from his

---

[3] Motion for Relief, Docket No. 11 at 1.

[4] *Id.*

[5] *Id.* at 1-2.

insurance carrier (the "Carrier") to the extent of the policy limits or from Publishers, the Debtor opposes relief to pursue a judgment against him or otherwise seek satisfaction from his property or property of the estate.[6] Moreover, the Debtor asserts that the Carrier has already offered to pay Suarez the policy limit, and queries whether this offer will impact their no cost representation in the event Suarez is permitted to proceed in the State Court Action.[7] The Debtor concedes, however, that he may be called upon to act as a witness in the State Court Action "[u]pon the conclusion of these bankruptcy proceedings."[8]

The Motion for Relief was scheduled for hearing on January 28, 2015. On January 22, 2015, Suarez moved to appear telephonically or, in the alternative, waive oral argument. Noting that "[a]t this time, the Creditor has no good faith basis for advancing a claim that the Debtor was intoxicated or that the harm to the Creditor was . . . intentional," Suarez posited that the Response presented a single narrow issue—whether he should be permitted to obtain a dischargeable judgment against the Debtor in order to assert vicarious liability against Publishers—that did not require oral argument.[9] Consistent with the relief requested, Suarez contends that obtaining a judgment against the Debtor is a prerequisite to establish liability against Publishers. On the same day, I denied leave to appear telephonically, but excused Suarez from appearing at the January 28, 2015, hearing.

---

[6] Response, Docket No. 12 at ¶¶ 3-4.

[7] *Id.* at ¶ 2.

[8] *Id.* at ¶ 5. It is unclear whether the Debtor simply means that the State Court Action will not come to trial before his bankruptcy case is closed, or whether he believes he should not be compelled to testify until that time. Assuming it is the latter, I note that the automatic stay does not afford him such protection.

[9] Motion to Appear Telephonically or in the Alternative Waive Oral Argument, Docket No. 14 at 1. In support of a telephonic appearance, Attorney Haskell asserted that traveling from his office in Lowell, Massachusetts to court in Boston is "always a personal inconvenience." *Id.*

On January 23, 2015, the Debtor filed a memorandum in support of the Response (the "Memorandum"). In the Memorandum, the Debtor complains that he should not be forced to defend the State Court Action when any judgment obtained against him will be discharged.[10] Relying on 11 U.S.C. § 524(e), he contends that his discharge does not affect the liability of any other entity for the debt such that a failure to obtain a judgment against him will not release either Publishers or the Carrier.[11] Thus, the Debtor insists that relief must be denied with respect to him and only granted for the limited purpose of pursuing Publishers or the Carrier.[12]

On January 28, 2015, the Debtor moved to either continue the hearing on the Motion for Relief or similarly excuse his appearance citing the narrow point of contention between the parties. On the same day, I granted the motion to excuse Debtor's appearance and took the matter under advisement.

### III. DISCUSSION

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition stays the commencement or continuation of all non-bankruptcy judicial proceedings against the debtor.[13] Nevertheless, 11 U.S.C. § 362(d)(1) expressly provides that, on the request of a party in interest, "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—for

---

[10] Memorandum, Docket No. 17 at 2.

[11] *Id.* at 1.

[12] *Id.* at 2.

[13] 11 U.S.C. § 362(a)(1).

cause . . . ."[14] The Bankruptcy Code does not define "cause" for purposes of 11 U.S.C. § 362(d)(1), requiring courts to determine cause on a case-by-case basis.[15]

Although that the Debtor has not yet received a discharge,[16] 11 U.S.C. § 524 provides that a discharge under 11 U.S.C. § 727 "operates as a permanent injunction against the commencement or continuation of an action to recover any debt discharged thereunder as a 'personal liability" of the debtor."[17] It does not, however, "affect the liability of any other entity on, or the property of any other entity for, such debt."[18] Accordingly, courts have long recognized that even post-discharge, a creditor may be appropriately permitted to maintain a civil action against a debtor nominally for the purpose of establishing liability and recovering against a third party.[19] These courts reason that a debtor's discharge is not meant to insulate third parties

---

[14] 11 U.S.C. § 362(d)(1).

[15] *In re Haines*, 309 B.R. 668, 674 (Bankr. D. Mass. 2004).

[16] I briefly note that the Debtor's discharge may not, in fact, be as imminent as he contends. As the deadline for filing objections to the discharge or the dischargeability of certain debts has not yet expired, a creditor, Suarez included, may still seek an extension. *See* Fed. R. Bankr. P. 4004(b). I recognize, however, that while there is no dispute that Suarez's debt is for a "personal injury caused by the debtor's operation of a motor vehicle," there is presently no allegation that the Debtor was intoxicated such as to render the debt nondischargeable under 11 U.S.C. § 523(a)(9).

[17] *In re Catania*, 94 B.R. 250, 251 (Bankr. D. Mass. 1989); *see* 11 U.S.C. § 524(a)(2).

[18] 11 U.S.C. § 524(e).

[19] *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51 (5th Cir. 1993)(creditors may pursue their lawsuit against debtor in order to collect any judgment solely from the proceeds of his malpractice liability policy); *Green v. Welsh*, 956 F.2d 30, 33 (2d Cir. 1992) (creditor would be permitted to continue suit against debtors who had received a Chapter 7 discharge only to prove liability as prerequisite to recovery from debtors' liability insurer ); *Matter of Shondel*, 950 F.2d 1301 (7th Cir. 1991) (affirming the bankruptcy court's modification of the discharge injunction to permit a determination of the debtor's liability for the purpose of seeking recovery from the debtor's insurer); *Walker v. Wilde (In re Walker)*, 927 F.2d 1138 (10th Cir. 1991) (creditors were entitled to continue their action against discharged debtor for sole purpose of confirming their right to monies from state real estate recovery fund); *Owaski v. Jet Florida Sys., Inc. (In re Jet Florida Sys., Inc.)*, 883 F.2d 970 (11th Cir. 1989) (discharge injunction did not preclude determination of debtor's liability to defamation claimant in order for claimant to recover from debtor's insurer); *see also First Fidelity Bank v. McAteer*, 985 F.2d 114, 118 (3d Cir. 1993) (noting in dictum that the discharge injunction does not affect the liability of debtors' insurers).

from liabilities shared with the debtor.[20] To balance this concern with the debtor's "fresh start," relief from stay to continue a civil action is appropriate when: (1) "it is necessary to join the debtor in order to establish liability against a third party;" (2) "the debtor bears none of the costs of defense;" and (3) any judgment obtained against the debtor will not be executed either against the debtor personally or against his assets.[21]

On its face, Suarez's request to continue the State Court Action to establish the Debtor's liability and obtain a recovery from the Carrier satisfies these three conditions. Unlike Suarez's claim for vicarious liability which may be brought directly against Publishers without joining the Debtor as a defendant,[22] Massachusetts law prohibits a plaintiff from directly suing an insured's carrier.[23] Assuming, *arguendo*, that the Carrier has offered Suarez a settlement to the extent of the insurance policy limit as alleged, he nevertheless cannot be forced to accept it despite his inability to recover more by litigating the claim to judgment. If, however, Suarez accepts a

---

[20] *In re Catania*, 94 B.R. at 253.

[21] *Id*. With regard to the second element, Judge Kenner in *In re Catania* further suggested that the creditor must promise to bear any defense costs incurred by the debtor. *Id.* This conclusion has been criticized by the United States Courts of Appeal for the Second, Tenth, and Eleventh Circuits, reasoning that a debtor need not defend itself post-discharge. *Green v. Welsh*, 956 F.2d at 34; *In re Walker*, 927 F.2d at 1142; *In re Jet Florida Sys., Inc.*, 883 F.2d at 976.

[22] *Polygram Int'l Pub., Inc. v. Nevada/TIG, Inc.*, 855 F. Supp. 1314, 1334 (D. Mass. 1994) ("Under theories of agency and *respondeat superior*, the defenses of the servant may be asserted by the master; the servant is not a necessary party to the suit."). I further note that neither the Debtor's prospective discharge nor the failure to pursue a judgment against him as a defendant constitute a "release" that would prohibit Suarez from proceeding against Publishers on a *respondeat superior* theory. *See Elias v. Unisys Corp.*, 410 Mass. 479, 481-482 (1991) (unqualified release given by a plaintiff to a tortfeasor precludes any further action against the tortfeasor's employer because the employer, while vicariously liable, is not a joint tortfeasor).

[23] *See Tessier v. State Farm Mut. Ins. Co.*, 334 F. Supp. 807, 809 (D. Mass. 1971) aff'd, 458 F.2d 1299 (1st Cir. 1972) (In Massachusetts . . . the appropriate procedure would be to bring a lawsuit against the decedent's estate and after having established liability then bring a bill to reach and apply the insurer's duty to indemnify the decedent's estate).

settlement payment from the Carrier, the Debtor's nominal participation would no longer be necessary and a judgment against him would be inappropriate. Unless that occurs, relief from stay to pursue a judgment against the Debtor is warranted as a prerequisite to a recovery against the Carrier.

## IV. CONCLUSION

In light of the foregoing, I will enter an order granting the Motion for Relief.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: March 10, 2015

Counsel Appearing:

    Louis S. Haskell, Lowell, MA,
        for Suarez
    Jay P. Johnson, Peabody, MA,
        for the Debtor